D. J. TODD, SR., ADMINISTRATOR OF D. J. TODD, JR., DECEASED, v. E. J. SMATHERS.

(Filed 12 June, 1953.)

**1. Trial § 22a—**

> On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference therefrom.

**2. Automobiles § 8i—**

> In this action to recover for the death of a motorcyclist, killed in a collision with a truck which turned across the highway in the path of the oncoming motorcycle to enter a private driveway to the truck driver's left, defendant's motion to nonsuit upon conflicting evidence *is held* properly denied.

APPEAL by defendant from *Armstrong, J.,* at 12 January, 1953, Term, of FORSYTH.

Civil action by plaintiff to recover damages for alleged wrongful death, and for punitive damages.

This action grew out of a collision on Highway No. 70 a few miles east of Greensboro, N. C., on early night of 1 October, 1949, between a motorcycle operated by intestate of plaintiff, accompanied by another, and a motor truck, owned and operated by defendant. The highway runs in general east-west direction. A driveway to defendant's home is on north side of the highway. It was at the entrance to this driveway that the collision occurred. The paved highway is thirty feet wide, divided into three lanes of equal width. From a point several hundred feet east of the driveway into defendant's home, to a point 700 to 800 feet west of it, two of the lanes, the center and the north, were marked for westbound traffic, and one, the south, was marked for eastbound traffic. The motorcycle was traveling west with the heavy motor traffic returning from Georgia-Carolina football game at Chapel Hill, N. C.

The truck of defendant, after crossing the highway from north to south at a point to the west, had traveled east on the south lane of the highway to a point nearly opposite the entrance to the driveway into defendant's home, where defendant says he stopped it, with his motor running, and his hand extended to the left, waiting for a break in the westbound traffic so that he might drive the truck into his driveway; that after waiting four or five minutes such a break occurred, the nearest car to the east being 535 feet away, in his opinion, he put the truck in motion, directly across the highway to his left toward the entrance to his driveway; and that before the truck cleared the highway it was struck by the motorcycle. There is evidence from which other inference might be drawn.

Defendant also testified that he had "looked in direction where cars would come up behind me," and after starting, and hearing brakes squealing, he stopped and had his foot on the brakes; that he looked back through the glass; that he did not see the motorcycle until it was within 20 feet of him.

And there is evidence that at a point a mile or so east of the point of collision the motorcycle had passed a car which was traveling around 50 miles per hour. The motorist who so testified was in the second car behind the motorcycle at the scene and time of accident. And there is evidence as to skid and other physical marks made by the motorcycle.

The case was submitted to the jury on issues as to (1) negligence of defendant, (2) contributory negligence of intestate of plaintiff, and (3) damages. The jury answered the first "Yes"; the second "No," and the

third $4,500. From judgment in accordance therewith defendant appeals to Supreme Court and assigns error.

*Deal, Hutchins & Minor for plaintiff, appellee.*
*Ratcliff, Vaughn, Hudson, Ferrell & Carter, Jordan & Wright, and Wharton, Poteat & Wharton for defendant, appellant.*

WINBORNE, J. Only one question is presented: Is there error in denial of motion of defendant for judgment as of nonsuit? Taking the evidence in the light most favorable to plaintiff, and giving to him the benefit of every reasonable inference, as is done in considering motions for judgment as of nonsuit, it would seem that the case is one for the jury, under well established principles of law. Since there is no exception to the charge, the court must have properly instructed the jury as to applicable principles of law. And the jury has accepted plaintiff's view of the occurrence. Hence elaboration on the law and the facts is not deemed necessary.

In the judgment below, we find

No error.